**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10285 |
| Plaintiff-Appellee, | D.C. No. 4:17-cr-01056-JGZ-BPV-1 |
| v. | |
| JOSIE ARVIZU, | MEMORANDUM[*] |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10296 |
| Plaintiff-Appellee, | D.C. No. 4:17-cr-01056-JGZ-BPV-2 |
| v. | |
| ERIKA HERNANDEZ-NUNEZ, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted October 23, 2019[**]
Pasadena, California

Before:  KLEINFELD and CALLAHAN, Circuit Judges, and RESTANI,[***] Judge.

Defendants-Appellants, Josie Arvizu and Erika Hernandez-Nunez (collectively, "Defendants"), appeal from the district court's denial of their motion to suppress evidence obtained as a result of a stop of their vehicle, during which illegal aliens were discovered in the trunk.  Defendants entered conditional plea agreements to the transport of illegal aliens for profit under 8 U.S.C. §§ 1324(a)(1)(A)(v)(i), 1324(a)(1)(A)(ii),  and 1324(a)(1)(B)(i).  They reserved their rights to appeal the denial of their motion to suppress.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court decision.

We review  "de novo the district court's ruling on a motion to suppress and for clear error the district court's underlying findings of fact."  *United States v. Evans*, 786 F.3d 779, 784 (9th Cir. 2015).  Reasonable suspicion determinations are reviewed de novo, findings of historical fact are reviewed for clear error and due weight is given "to inferences drawn from those facts by resident judges and local law enforcement officers."  *United States v. Valdes-Vega*, 738 F.3d 1074,

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

2

1077 (9th Cir. 2013) (internal citation omitted). "We thus apply 'a peculiar sort of de novo review,' *United States v. Arvizu*, 534 U.S. 266, 278 (2002) (Scalia, J., concurring), slightly more circumscribed than usual, because we defer to the inferences drawn by the district court and the officers on the scene, not just the district court's factual findings." *Id*.

A law enforcement officer may "stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks probable cause." *United States v. Sokolow*, 490 U.S. 1, 7 (1989). In determining whether there was reasonable suspicion, a court looks at the totality of the circumstances. *United States v. Cortez*, 449 U.S. 411, 417 (1981). "The reasonable-suspicion standard is not a particularly high threshold to reach." *Valdes-Vega*, 738 F.3d at 1078. "Reasonable suspicion is a commonsense, nontechnical conception that deals with the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Id*. (internal quotation marks and citations omitted).

Here, a number of facts support the district court's finding of reasonable suspicion for stopping Defendants' car. The San Miguel West Church is surrounded by the dense Vamori Wash, which is known to provide coverage for

3

illegal aliens crossing the border. There were recent incidents of alien smuggling in the area of the church. Defendants' car was unknown to the agents, was registered in Tucson, more than 90 minutes away, and had crossed the border from Mexico less than 72 hours earlier. The car only stayed at the church for a short period of time. Leaving the church the car drove faster than local traffic, kicking up dust, and, contrary to the practice of local drivers, slowed down when the agent began to follow it. The agent "observed a disturbance in the dirt on the vehicle's trunk, consistent with handprints previously found on the trunks of vehicles transporting illegal aliens in the trunk." These factors created a reasonable suspicion even if, as Defendants contend, there could be innocent reasons for each of them. The totality of the circumstances supports the finding of reasonable suspicion. *See United States v. Diaz-Juarez*, 299 F.3d 1138 (9th Cir. 2002); *United States v. Guzman-Padilla*, 573 F.3d 865 (9th Cir. 2009).

Defendants' convictions are **AFFIRMED.**